IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JESSIE SEBASTIAN, | : | |
| Plaintiff | : | |
| VS. | : | |
| Judge THOMAS H. WILSON and | : | NO. 5:10-cv-222 (CAR) |
| District Attorney J. SCOTT JOHNSON, | : | |
| Defendants | : | **O R D E R** |

Plaintiff **JESSIE SEBASTIAN**, an inmate at the Kentucky State Penitentiary in Eddyville, Kentucky, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee. Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward payments to the Clerk of this Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). The Clerk of Court is directed to send a copy of this order to the business manager of the Kentucky State Penitentiary.

*I. STANDARD OF REVIEW*

   *A. 28 U.S.C. § 1915(e)(2)*

1

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff appears to allege that Judge Thomas H. Wilson of the Lamar County Superior Court violated plaintiff's rights during his July 15, 2009 extradition hearing. During the hearing, Judge Wilson allegedly denied plaintiff the right to legal counsel. Plaintiff alleges that he was therefore

allowed to be extradited to Kentucky "illegally." In addition to Judge Wilson, plaintiff sues District Attorney J. Scott Johnson. Presumably plaintiff is suing Johnson for his role in extraditing plaintiff. As relief, plaintiff seeks compensatory and punitive damages against both defendants.

## III. DISCUSSION

Plaintiff's claims for damages against these defendants are barred by the doctrine of absolute immunity. With regard to plaintiff's claim against Judge Wilson, judges are entitled to absolute immunity from damages for acts taken in their judicial capacity, unless they acted in the "'clear absence of all jurisdiction.'" ***Stump v. Sparkman***, 435 U.S. 349, 356-57 (1978); ***Simmons v. Conger***, 86 F.3d 1080, 1084-85 (11th Cir.1996). There is no allegation that Judge Wilson lacked jurisdiction in handling plaintiff's extradition proceedings, and thus he is absolutely immune from suit.

The doctrine of absolute immunity also applies to plaintiff's claims against District Attorney Johnson. Prosecutors enjoy absolute immunity from suit in pursuing a criminal prosecution and in presenting the state's case. ***Imbler v. Pachtman***, 424 U.S. 409, 427-28 (1976). Such immunity extends to participating in the extradition process. *See, e.g.*, ***Tungate v. Thoms***, 45 F. App'x 502, 504 (6th Cir. 2002) (affirming finding of absolute immunity for prosecutor who allegedly violated provisions of the Interstate Agreement for Detainers); ***Waits v. McGowan***, 516 F.2d 203, 205 (3d Cir.1975)(county prosecutor absolutely immune from section 1983 liability for alleged role in abetting illegal extradition of plaintiff). Thus, Johnson is entitled to absolute immunity.

## IV. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 18th day of June, 2010.

                                                S/ C. Ashley Royal
                                                C. ASHLEY ROYAL, JUDGE
                                                UNITED STATES DISTRICT COURT

cr